2003 OK 71

**In the Matter of the REINSTATEMENT OF Marcus E. RAICHLE, Jr., to Membership in the Oklahoma Bar Association and to the Roll of Attorneys.**

**SCBD No. 4528.**

Supreme Court of Oklahoma.

Sept. 16, 2003.

Marcus E. Raichle, Jr., East Alton, MO, for the Petitioner, pro se.

Allen J. Welch, Assistant General Counsel, Oklahoma Bar Association, for the Respondent.

HODGES, J.

¶ 1 This matter is before the Court pursuant to rule 11 of the Rules Governing Disciplinary Proceedings, Okla. Stat. tit. 5, ch. 1, app. 1–A (2001), for consideration of Marcus E. Raichle, Jr.'s petition for reinstatement to membership in the Oklahoma Bar Association and to the Roll of Attorneys. After the petition was filed, the Oklahoma Bar Association (OBA) investigated the matter. The Professional Responsibility Tribunal (PRT) held a hearing. Both the OBA and the PRT recommend that petitioner be reinstated.

¶ 2 The record submitted to this Court shows by clear and convincing evidence that the petitioner has met the requirements for reinstatement to membership in the OBA. The petitioner was admitted to the practice of law in Oklahoma on September 13, 1992, after graduation from the University of Tulsa School of Law and after successful completion of the Oklahoma Bar Examination. The petitioner moved from Oklahoma before being admitted to membership in the OBA and has never practiced law in Oklahoma. The petitioner has taken and passed the bar examinations and been admitted to practice law in Missouri, Illinois, and Indiana. Because he was not practicing in Oklahoma, the petitioner resigned from membership in the OBA on September 9, 1993. The resignation was not the result of delinquent dues, failure to complete mandatory continuing legal education requirements, or any disciplinary proceeding.

¶ 3 Petitioner filed his petition for reinstatement on April 19, 2000. The investigation and hearing were delayed by additional familial duties because of a family member's death and by a debilitating medical condition. Based on these facts, both the PRT and the OBA found that the delay was justified. All of the witnesses testified that the petitioner was of good moral character. The petitioner disclosed that he had been the subject of a complaint and an investigation by the Missouri Bar Association. Apparently, the Missouri Bar found the complaint was without merit because the petitioner has not been the subject of any discipline either in Missouri or in any other jurisdiction.

¶ 4 The PRT found and the OBA agrees that there is no evidence that the petitioner engaged in the unauthorized practice of law. The petitioner is associated with the Simmons Firm. During the course of investigation, the OBA discovered that the firm's letterhead and web page could be construed to reflect that the petitioner was a current member of the OBA. The petitioner explained that other members of the firm had designed the letterhead and web page information, that the information was meant to show the jurisdictions where he had been admitted, and that the language was inexact.

As soon as the problem was brought to the petitioner's attention, he corrected the web page and has taken action to correct the letterhead. However, there is no evidence that the petitioner engaged in the unauthorized practice of law in Oklahoma or any other jurisdiction.

¶ 5 The PRT found that the petitioner possessed the necessary learning and competency for readmission. The petitioner has practiced law in other states since his resignation from the OBA. He has attended continuing legal education classes on a regular basis. All the evidence is that the petitioner has the necessary skills for readmission.

¶ 6 The petitioner has satisfied the procedural requirements for reinstatement. The Client Security Fund has not expended any money on behalf of the petitioner. He has not filed a petition for reinstatement during the one year period immediately preceding this pending petition. The petitioner has paid the dues owing from 1993. The PRT and the OBA recommended that the petitioner be reinstated.

¶ 7 The petitioner has met his burden of proof to show by clear and convincing evidence the prerequisites to reinstatement found in rule 11.5 of the Rules Governing Disciplinary Proceedings. It is ordered that petitioner, Marcus E. Raichle, Jr. be reinstated to membership in the Oklahoma Bar Association and that his name be reinstated to the Roll of Attorneys licensed to practice law in the State of Oklahoma. It is also ordered that the petitioner shall pay the costs of this proceeding in the amount of $525.67 within twenty days from the date this Order is filed with the Clerk of this Court and reinstatement is conditioned upon payment of the costs.

PETITION FOR REINSTATEMENT GRANTED UPON PAYMENT OF COSTS.

¶ 8 ALL JUSTICES CONCUR.